UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANNON RYAN

                                        Petitioner,

      -v.-
                                                                    9:10-CV-395

SUPERINTENDENT,                                                   (MAD/ATB)

                                        Respondent.
_____

SHANNON RYAN
Petitioner, *pro se*
LEILANI J. RODRIGUEZ, Assistant Attorney General,
for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT and RECOMMENDATION

This matter has been referred to me for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

Petitioner, Shannon Ryan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1).  In this application, petitioner challenges an April 13, 2005, judgment of conviction from the Rensselaer County Court. (Petition ("Pet.") ¶¶ 1–2; Dkt. No. 1).  Petitioner was convicted after a jury trial of Criminal Possession of a Weapon, Second Degree; Criminal Possession of a Weapon, Third Degree; Attempted Assault, Second Degree; and Reckless Endangerment, First Degree, and he was sentenced to a determinate term of fifteen years imprisonment and five years of post release supervision. (Pet. ¶¶ 3–6, Dkt. No. 15-21).  Petitioner filed a motion to vacate his conviction in Rensselear County Court pursuant to N.Y. Crim. Proc. Law § 440.10. ("440.10 Motion 1") on October 17, 2005. (Pet. ¶ 11(b), Dkt. No. 15-1).  The Rensselear County Court denied the 440.10 Motion on March 29, 2006.  (Pet. ¶ 11(b),

Dkt. No. 15-2). The appeals of petitioner's conviction and the denial of his 440.10 Motion were consolidated and affirmed by the Appellate Division, Third Department on December 20, 2007. (Pet. ¶ 9(a)–(d), Dkt. No. 15-5 & *People v. Ryan*, 46 A.D.3d 1125, 1128, 847 N.Y.S.2d 726, 729 (3d Dep't 2007)). The New York Court of Appeals denied leave to appeal on June 2, 2008. (Pet. ¶ 9(e), Dkt. No. 15-7 & *People v. Ryan*, 10 N.Y.3d 939, 847 N.Y.S.2d 726, 892 N.E.2d 412 (2008)). Petitioner filed an application for a writ of error coram nobis ("coram nobis petition") in the Appellate Division on July 17, 2009. (Pet. ¶ 11(c), Dkt. No. 15-8 ). The Appellate Division denied the application on September 3, 2009. (Pet. ¶ 11(c), Dkt. No 15-11). The Court of Appeals denied leave to appeal on January 22, 2010. (Dkt. No. 15-16). On September 15, 2010, after filing this petition for habeas corpus, petitioner filed a second motion to vacate his conviction ("440.10 Motion 2") (Dkt. No. 15-17). The motion was denied by the Rensselaer County Court on December 14, 2010, and the Appellate Division, Third Department denied leave to appeal on April 5, 2011.[1]

Petitioner has completed a form-petition in which he asserts four grounds for relief:

(1)   Petitioner's trial counsel was ineffective

(2)   The trial court failed to charge the jury with an intoxication defense.

(3)   The evidence was legally insufficient to sustain a conviction on any of the charges.

(4)   Petitioner's appellate counsel was ineffective.

---

[1] These documents have been provided at my request by the Resselaer County Clerk's Office. (Dkt. No. 18).

(Pet. ¶ 12(A)-(C). On November 2, 2010, respondent filed his answer, together with the relevant state court records, and a supporting memorandum of law. (Dkt. Nos. 13, 14, 15). Respondent argues that the petition is untimely, contains unexhausted and/or procedurally defaulted claims, and that the claims fail on the merits. For the following reasons, this court recommends that the petition be denied and dismissed as untimely.

## DISCUSSION

### I. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal. *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized *and* made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B),

(C), and (D).

In this case, petitioner's judgment of conviction was on April 13, 2005. Although he brought a motion to vacate the conviction, this motion was denied prior to petitioner's direct appeal. His direct appeal and the appeal of his collateral motion were consolidated, and the Appellate Division, Third Department affirmed the conviction and denied the appeal of the collateral motion on December 20, 2007. The New York Court of Appeals denied petitioner's leave to appeal on June 2, 2008. Ninety days after June 2, 2008 was September 1, 2008. Thus, according to the AEDPA, petitioner's conviction would have become "final" on September 1, 2008, giving petitioner until September 1, 2009 to file a federal petition for habeas corpus. This petition was signed on March 29, 2010 and postmarked on March 31, 2010.[2] Thus, unless the statute of limitations was tolled, the petition is untimely. The court will proceed to consider the tolling of the statute.

## II.   Tolling of the Statute

### A.   Statutory Tolling

The AEDPA provides that the one-year limitations period will be tolled while a state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision applies only if the post-conviction motion was "properly filed" and if it was

---

[2] While the petition was actually filed on April 2, 2010, under the "prisoner mailbox rule," petitioner is deemed to have filed his petition on the date he delivered it to prison officials for mailing. *Noble v. Kelley*, 246 F.3d 93, 97 (2d Cir. 2001). In this case, although the petition was postmarked March 31, 2010, the court will give petitioner the benefit of the doubt and will use March 29, 2010, the date that he signed the petition. He could conceivably have given it to prison officials the same day, and it just took two days to process and mail.

4

pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Simply filing a post-conviction motion does not re-start the limitations period. The AEDPA excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999), *affd*, 531 U.S. 4 (2000).

In this case, the statute of limitations began to run on September 1, 2008 and ran until petitioner filed his application for writ of error coram nobis on July 17, 2009, forty five days prior to the expiration of the limitations period. The statute of limitations was then tolled until the New York Court of Appeals denied leave to appeal the denial of the writ of error coram nobis on January 22, 2010. The statute of limitations then began to run again and expired forty-five days later on March 8, 2010. Petitioner is deemed to have filed this petition on March 29, 2010, thus, this petition for writ of habeas corpus is statutorily time barred. The court must consider whether the limitations period was otherwise tolled.

### B. Equitable Tolling

Although the AEDPA does not specifically provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, the Supreme Court has held that section 2244(d) is subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

5

*Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). The Second Circuit has held that equitable tolling is reserved for "rare and exceptional circumstances." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). The decision as to what are the appropriate circumstances is left to the discretion of the district court. *Belot v. Burge*, 490 F.3d 201, 206-207 (2d Cir. 2007). The exercise of a court's equity powers must be made on a case-by-case basis, "mindful 'that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (quoting *Holland*, 130 S. Ct. at 2563).

> In his application, petitioner states that
>
> "[m]y petition should be deemed timely, because the one year statute of limitations is tolled during the pendency of any properly filed petition for state post-conviction review. Therefore, the Writ of Habeas Corpus, (a properly executed post-conviction motion), tolls the one year statute of limitations which makes the petition timely. (See letter from attorney dated January 27, 2010 annexed as appendix A-16).

(Pet. ¶ 18). Although petitioner states that the "Writ of Habeas Corpus," was a "post-conviction motion," he clearly is referring to his application for "Writ of Error Coram Nobis." He cites the Appendix to his federal petition at A-16, which is a letter from the attorney who represented petitioner during the application for writ of error coram nobis. (Dkt. No. 1-1 at A-16). The letter from petitioner's former attorney is dated January 27, 2010 and is entitled "Leave Denial." The letter informs petitioner that the New York Court of Appeals denied leave to appeal the denial of his application for writ of error coram nobis. *Id.*

6

Counsel's letter further states that

[t]his Certificate Denying Leave ends my representation of you on appeal. Also, this Certificate Denying Leave dated January 22, 2010 is the date that you have exhausted your State remedies and is the date on which your state conviction became "final" for future post-conviction proceedings in Federal Court regardless of whether your family retains counsel or if you decide to proceed pro se on the grounds of indigency.

You may seek to file a petition for a Writ of Certiorari to the Supreme Court of the United States which must be done by you within ninety (90) days of January 22, 2010. If you decide not to seek a Writ from the Supreme Court of the United States, you have one year and ninety (90) days from January 22, 2010 within which to file a Petition for Writ of Habeas Corpus in Federal Court under 28 U.S.C. § 2254.

*Id.*

Petitioner essentially states that he relied upon counsel's letter, informing petitioner that he had one year and ninety days from the date that leave to appeal was denied from the adverse decision on his writ of error coram nobis. Petitioner does not argue that the statute of limitations should be "equitably" tolled, rather, he believes that his petition is timely based upon his attorney's letter. Unfortunately, the statement in counsel's letter is incorrect. It is well-settled that the statute of limitations is tolled only during the pendency of the properly filed post conviction motion, and the motion does not re-start the limitations period. *Bethea v. Girdich*, 293 F.3d 57, 578 (2d Cir. 2002) (state court applications for collateral relief do not restart the AEDPA limitations period). *See also Prescod v. Brown*, No. 10 Civ. 2395, 2011 WL 182063, *3 (S.D.N.Y. Jan. 20, 2011) (Peck, M.J.), *adopted by* 2011 WL 497855 (S.D.N.Y. Feb. 10, 2011). The issue is whether counsel's erroneous advice justifies

affording petitioner equitable tolling in this case.

The Second Circuit has held that an "attorney's mistaken belief that the tolling period reset after each state collateral appeal does not constitute the 'extraordinary' circumstances warranting equitable tolling." *Smaldone v. Senkowski*, 273 F.3d 133, 138-39 (2d Cir. 2001). *See also Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir. 2000) (attorney's misunderstanding of the time that a claim remained "pending" did not warrant equitable tolling); *Fahey v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (granting equitable tolling in a capital case, but stating that in a non-capital case, attorney error, miscalculation, inadequate research or other mistakes do warrant equitable tolling); *Talani v. Chrans* 189 F.3d 597, 598 (7th Cir. 1999) (lawyer's mistake insufficient for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1270 (11th Cir. 1999) (mere attorney negligence does not justify equitable tolling).  A simple deadline miscalculation is the sort of "garden variety" attorney error that cannot on its own rise to the level or extraordinary circumstances.  *Holland*, 130 S.Ct. at 2564 (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

In some circumstances, however, "attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) *distinguishing Smaldone v. Senkowski*, 273 F.3d 133 at 138). In *Baldayaque*, the Second Circuit distinguished *Smaldone* because, instead of making a simple deadline miscalculation, the attorney in *Baldayaque* actually disregarded the petitioner's representatives' instructions to file a section 2255 motion, and instead,

filed no petition at all. 338 F.3d at 152. The attorney's conduct "prevented" petitioner from filing his application for habeas relief. The attorney never spoke to Baldayaque and did not keep his client reasonably informed about the case. *Id.* These actions were found to be "far enough outside the range of behavior that reasonably could be expected by a client that they may be considered 'extraordinary.'" *Id.*

In this case, the letter sent to petitioner by his attorney confirmed the termination of the attorney's representation of petitioner. The letter informed petitioner that he could hire new counsel or file a petition for habeas corpus pro se, but the decision, and the responsibility for any further action were clearly the petitioner's Unfortunately, the statement that counsel made in the letter about the timing of the statute of limitations was incorrect. However, like the attorney in *Smaldone*, petitioner's former counsel simply made an error in the calculation of the statute's time limitations.

The Second Circuit has discussed the difference between *Smaldone*, and *Baldayaque* more recently in *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (also distinguishing another case of "ordinary mistake": *Geraci v. Senkowski*, 211 F.2d 133, 138 (2d Cir. 2000)). In *Dillon* the Second Circuit made it quite clear that it was distinguishing between "ordinary mistakes," such as the calculation of a deadline in *Smaldone* and *Geraci*, and cases in which "an attorney willfully ignored the express instructions of his client" and "created a sufficient obstacle to justify equitable tolling," such as in *Baldayaque*. *Id.* The factual situation in *Dillon* was similar to that in *Baldayaque*, and the Second Circuit stated that "Dillon 'did everything that could

9

have been expected of him and . . . went to extraordinary ends to have a [petition timely] filed on his behalf.'" 642 F.3d at 363 (citing *Baldayaque*, 338 F.3d at 151).

Dillon and his wife retained counsel to file the habeas petition and they "were persistent in maintaining contact with [counsel] to insist that he file the petition ahead of the deadline," and "urged [counsel] *specifically* to avoid the possibility of a single-day error." *Id.* at 363 (emphasis in original). The attorney assured Dillon that he would file the petition by a particular date, but instead filed the petition *one day late*. The Second Circuit found that his conduct involved "more than a simple miscalculation" and "in effect [counsel] admitted affirmatively and knowingly *misleading* Dillon by promising that he would file the petition before November 30, 2007." *Id.* (emphasis in original). The court held that counsel breached his promise with "disastrous consequences that Dillon could neither have foreseen nor prevented." *Id.*

In *Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010), the Second Circuit held that extraordinary circumstances will not be found if the petitioner, acting with reasonable diligence, could have filed on time, notwithstanding the particular circumstances upon which he relies for his argument. *Id.* (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). "The term 'extraordinary' does not refer to the uniqueness of petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA limitations period.'" *Id.* (quoting *Diaz v. Kelly*, 515 F.3d at 154). In *Bolarinwa*, the court ultimately found that although a petitioner's mental illness could warrant equitable tolling, the

determination was highly case-specific, and the petitioner would have to demonstrate that her particular disability "severely impair[ed] her ability to comply with the filing deadline, despite her diligent efforts to do so." *Id.* at 232.

In *Johnson v. Hendricks*, 314 F.3d 159 (3d Cir. 2002),[3] the Third Circuit specifically held in an almost identical fact situation, that the limitations period would not be equitably tolled based upon petitioner's reliance on his attorney's erroneous advice as to the filing deadline. *Id.* at 163. Petitioner in *Johnson* also had a letter from his attorney advising petitioner of an incorrect statute of limitations deadline, and petitioner argued that "he exercised reasonable diligence in following counsel's advise . . . ." *Id.* at 162-63. *See also Hall v. Varano*, No. 08-4996, 2009 WL 777641, at *3-4 (E.D. Pa. Feb. 10, 2009) (petitioner claimed that attorney gave him erroneous advise regarding the habeas filing deadline) (Report-Recommendation), *adopted by* 2009 WL 737355 (E.D. Pa. Mar. 19, 2009). The court in *Johnson* rejected petitioner's argument and denied equitable tolling, notwithstanding the argument that petitioner "detrimentally relied on counsel's advice," and without the application of equitable tolling, petitioner would be denied federal review "based on the conduct of a third party." *Id.*

In this case, counsel ended his representation of petitioner and told him that he could proceed to file his habeas petition. After that letter, counsel had no further responsibility to the petitioner, and petitioner could have filed his habeas petition at

---

[3] The Supreme Court denied certiorari in *Johnson*. *Johnson v. Hendricks*, 538 U.S. 1022 (2003).

any time.  In fact, petitioner did not wait until another full year had passed.  As such, this case is in the category of "garden variety" errors that do not justify equitable tolling.  Petitioner was not "prevented" from filing a timely petition by something or someone, not in petitioner's control.[4]  He has made no showing that would merit equitable tolling of the statute, and this court finds that the petition is therefore, time-barred.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: October 6, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[4] Another situation found to constitute an "extraordinary circumstance" is when a corrections officer confiscates a prisoner's petition shortly before the deadline. *See Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000).  Certainly, the seizure or destruction of a petitioner's papers is a situation outside of petitioner's control, and has been held to be "extraordinary as a matter of law." *Id.* at 133-34 (citing *Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987)).