**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHANNON RYAN,**

                               **Petitioner,**

   **vs.**                                            **9:10-cv-00395**
                                                           **(MAD/ATB)**

**PATRICK GRIFFIN,**

                                 **Respondent.**

_____

**APPEARANCES:**                                   **OF COUNSEL:**

**SHANNON RYAN**
**05-A-3289**
Eastern New York Correctional Facility
Box 338
Napanoch, New York 12458
Petitioner *pro se*

**OFFICE OF THE NEW YORK**          **LEILANI J. RODRIGUEZ, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Currently before the Court is Magistrate Judge Baxter's October 6, 2011 Report and Recommendation, in which he recommends that the Court dismiss Petitioner's petition for a writ of habeas corpus as untimely. Neither party filed objections to Magistrate Judge Baxter's Report and Recommendation.

### II. BACKGROUND

On March 29, 2010, Petitioner filed a petition for a writ of habeas corpus. *See* Dkt. No. 1. In his application, Petitioner challenges an April 13, 2005 judgment of conviction from the Rensselaer County Court. *See id.* at ¶¶ 1-2. Petitioner was convicted after a jury trial of Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, Attempted Assault in the Second Degree, and Reckless Endangerment in the First Degree. *See id.* at ¶¶ 3-6; Dkt. No. 15-21. Petitioner was sentenced to a determinate term of fifteen-years imprisonment and five years of post-release supervision. *See id.*

On October 17, 2005, Petitioner filed a motion to vacate his conviction in Rensselaer County Court pursuant to New York Criminal Procedure Law § 440.10. *See id.* at ¶ 11(b); Dkt. No. 15-1. The Rensselaer County Court denied this motion on March 29, 2006. *See id.*; Dkt. No. 15-2. On December 20, 2007, the Third Department denied the consolidated appeals of Petitioner's conviction and the denial of his section 440.10 motion. *See id.* at ¶ 9(a)-(d); *People v. Ryan*, 46 A.D.3d 1125, 1128 (3d Dep't 2007). On June 2, 2008, the New York State Court of Appeals denied Petitioner leave to appeal. *See id.* at ¶ 9(e); *People v. Ryan*, 10 N.Y.3d 939 (2008).

Thereafter, on July 17, 2009, Petitioner filed an application for a writ of error *coram nobis*. *See id.* at ¶ 11(c); Dkt. No. 15-8. On September 3, 2009, the Appellate Division, Third Department denied the application. *See id.*; Dkt. No. 15-11. On January 22, 2010, the New York State Court of Appeals denied leave to appeal. *See* Dkt. No. 15-16. On September 15, 2010, after Petitioner filed the petition presently before the Court, Petitioner filed a second motion to vacate his conviction. *See* Dkt. No. 15-17. The Rensselaer County Court denied the motion on December 14, 2010, and the Appellate Division, Third Department denied leave to appeal on April 5, 2011.

In his form petition, Petitioner asserts that he is entitled to relief because (1) he received ineffective assistance of trial counsel; (2) the trial court failed to charge the jury with an intoxication defense; (3) the evidence was legally insufficient to sustain a conviction on any of the charges; and (4) he received ineffective assistance of appellate counsel. *See id.* at ¶ 12(A)-(C). In his response to the petition, Respondent argues that the petition is untimely, that it contains unexhausted and procedurally defaulted claims, and that the claims fail on the merits. *See* Dkt. No. 14.

In a Report and Recommendation dated October 6, 2011, Magistrate Judge Baxter recommended that the Court dismiss the petition as untimely. *See* Dkt. No. 19 at 3. Specifically, Magistrate Judge Baxter found that, through statutory tolling, Petitioner had until March 8, 2010 to file his petition. *See id.* at 5. As such, Magistrate Judge Baxter found that the petition was twenty-one days late. *See id.* Finally, Magistrate Judge Baxter found that Petitioner failed to make a showing that would merit the equitable tolling of the statute of limitations. *See id.* at 5-12.

### III. DISCUSSION

**A.   Standard of review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.     Timeliness of the petition – statutory tolling**

Section 2254 of Title 28 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs federal habeas corpus review of a state-court conviction. Since Petitioner filed his petition after the AEDPA was enacted, the petition is subject to a one-year statute of limitations that runs from the latest of the following four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

For Petitioner, like most habeas petitioners, section 2244(d)(1)(A) sets the applicable starting point for the one-year statute of limitations – that is, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).

Rule 6(a) of the Federal Rules of Civil Procedure governs the method for computing time periods, including the application of controlling statutes of limitations for actions pending in federal court. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003); *see also Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir. 1990) (quotation omitted).[1]  Rule 6(a)(1) directs that when applying a prescribed time, "exclude the date of the event that triggers the period[,]" but include the last day unless it falls on a Saturday, Sunday, a legal holiday, or a day on which weather or

---

[1] By their own terms, the Federal Rules of Civil Procedure apply to habeas cases. *See* Fed. R. Civ. P. 81(a)(4) (stating that "[t]hese rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases . . . and  (B) has previously conformed to the practice in civil actions").  In addition, Rule 12 of the Rules Governing Section 2254 cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

5

other conditions make the clerk's office inaccessible.  *See* Fed. R. Civ. P. 6(a)(1) and (3).  "Under [Rule 6(a)(1)], when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act.  The anniversary date is the 'last day to file even when the intervening period includes the extra leap year day.'"  *Hurst*, 322 F.3d at 1260 (quoting [*United States v.*] *Marcello*, 212 F.3d [1005,] 1010 [(7th Cir. 2000)]); *see also Day*, 909 F.2d at 79.

As Magistrate Judge Baxter correctly found, Petitioner's conviction became final on September 1, 2008  – ninety days after the New York State Court of Appeals denied Petitioner's leave to appeal on June 2, 2008.  Further, Magistrate Judge Baxter also correctly found that, the statute of limitations ran from September 1, 2008 until Petitioner filed his application for a writ of error *coram nobis* on July 17, 2009.  *See* 28 U.S.C. § 2244(d)(2) (providing that the one-year statute of limitations will be tolled while a state-court post-conviction motion is pending).  The statute was tolled until the New York State Court of Appeals denied the petition for a writ of error *coram nobis* on January 22, 2010.  At this point, Petitioner had forty-five days until the expiration of the limitations period.  *See Bennet v. Artuz*, 199 F.3d 116, 120-21 (2d Cir. 1999) (holding that the AEDPA excludes from the limitations period only the time that the motion for state-court post-conviction relief remains undecided, including the time during which an appeal from the denial of the motion was taken); *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (holding that "'proper calculation of Section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run'" (quotation omitted)).

6

The statute of limitations in the present matter expired on March 8, 2010, yet Petitioner did not file his petition until March 29, 2010. As such, Magistrate Judge Baxter correctly found that the petition is time barred unless Petitioner is entitled to equitable tolling.

## C.     Equitable tolling

Since courts have construed the AEDPA's one-year period as a statute of limitations rather than a jurisdictional bar, courts may equitably toll the period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (citations omitted). However, "[e]quitable tolling applies only in the 'rare and exceptional circumstance[ ].'" *Id.* (quotation omitted).

"In order to equitably toll the one-year period of limitations, [the petitioner] must show that extraordinary circumstances prevented him from filing his petition on time." *Id.* (citation omitted). "In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Id.* (citation omitted). Moreover, the petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (citations omitted).

In general, the difficulties attendant to prison life, such as "transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary circumstances." *Amante v. Walker*, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003) (citation omitted). Moreover, simple

7

ignorance of the applicable rules does not excuse a petitioner's failure to file a timely petition. *See Plowden v. Romine*, 78 F. Supp. 2d 115, 120 (E.D.N.Y. 1999).

In *Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011), after his state-court conviction became final, the petitioner retained an attorney in August of 2007 to represent him in his post-conviction collateral proceedings. *See id.* at 360. On November 13, 2007, the petitioner's attorney met with the petitioner at his place of confinement with a habeas petition for the petitioner to sign in front of a notary. *See id.* During this visit, the petitioner asked his attorney "not to wait until the last day to file the petition," and the attorney assured him that he would not. *See id.* The petition was eventually filed one day after the statute of limitations expired due to the attorney's incorrect assumption about when the AEDPA's statute of limitations begins to run. *See id.* The district court eventually dismissed the petition as untimely after finding that the circumstances of the case did not warrant equitable tolling. *See id.* at 361.

Reversing the district court, the Second Circuit first held that the petitioner had diligently pursued his rights throughout the entire period. *See id.* at 362-63. Next, the court held that the case presented "sufficiently 'extraordinary circumstances' to warrant equitable tolling." *Id.* at 363. Although attorney error does not normally constitute the extraordinary circumstances necessary to toll the statute of limitations, the court noted that the petitioner's case was different in that the petitioner and his wife "were persistent in maintaining contact with [the attorney] to insist that he file the petition ahead of the deadline" and his attorney assured them that it would be filed before the last day. *See id.* Further, the court noted that "[a]lthough miscalculating a deadline is the sort of garden variety attorney error that cannot *on its own* rise to the level of extraordinary circumstances, . . . [the petitioner's] case involves more than mere miscalculation." *Id.* at 364 (internal citations omitted).

8

In the present matter, Petitioner relies on a letter from the attorney who represented him during his application for a writ of error *coram nobis*. *See* Dkt. No. 1-1 at 50. In this letter, Petitioner's attorney informs him that the New York State Court of Appeals denied leave to appeal on January 22, 2010 and that this is the date that his conviction became "'final'" for habeas purposes. *See id.* Thereafter, his attorney informs him that, "[i]f you decide not to seek a Writ from the Supreme Court of the United States, you have one year and ninety (90) days from January 22, 2010 within which to file a Petition for a Writ of Habeas Corpus in Federal Court under 28 U.S.C. § 2254." *See id.*

Petitioner claims that he relied on his attorney's representation that he had one year and ninety days from January 22, 2010 to file his petition. Unfortunately, Petitioner's attorney incorrectly stated the law. As discussed above, it is well settled that "'proper calculation of Section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.'" *Bethea*, 293 F.3d at 578 (quotation omitted). As such, Petitioner actually only had forty-five days from January 22, 2010 to file his petition, contrary to his attorney's representations.

Despite this error, Petitioner has not established that he is entitled to equitable tolling of the statute of limitations. As the Second Circuit has repeatedly held, an "attorney's mistaken belief that the tolling period reset after each state collateral appeal does not constitute the 'extraordinary' circumstances warranting equitable tolling." *Smaldone v. Senkowski*, 273 F.3d 133, 138-39 (2d Cir. 2001). Further, unlike the situation presented in *Dillon*, Petitioner's attorney did not "willfully ignore[ ] the express instructions of his client." *Dillon*, 642 F.3d at 363. The present situation was a simple deadline miscalculation which is the sort of "garden variety"

9

attorney error that cannot on its own rise to the level of extraordinary circumstances. *See Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (citations omitted).[2]

Based on the foregoing, the Court finds that Magistrate Judge Baxter correctly recommended that the Court find that Petitioner "has made no showing that would merit equitable tolling of the statute," and that the petition is, therefore, time-barred. *See* Dkt. No. 19 at 12.

**D.    Certificate of Appealability**

28 U.S.C. § 2253(c)(1) provides that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[3]  28 U.S.C. § 2553(c)(1).  A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

---

[2] In *Baldayaque*, the Second Circuit acknowledged that "at some point an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003).  The court also noted that "simple mistakes about the rules applied to the deadlines for filing of habeas petitions . . . are ordinary," *id.*, and do not meet the "extraordinary" level required to apply equitable tolling.

[3] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Baxter's October 6, 2011 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 30, 2011
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge